**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

OY AJAT, LTD.,

               Plaintiff,

               v.

VATECH AMERICA, INC., et al.

               Defendants.

Civil Action No.: 10-4875 (PGS)

**<u>MEMORANDUM AND ORDER</u>**

       This matter comes before the Court on Defendant Vatech America, Inc.'s ("Vatech America Inc.") motion to dismiss ("Vatech America Inc.'s Motion to Dismiss").  On September 23, 2010, Plaintiff Oy Ajat, Ltd. ("Plaintiff") filed a complaint for patent infringement ("Plaintiff's Complaint").  On January 14, 2011, Vatech America Inc.'s Motion to Dismiss was filed, seeking the dismissal of Plaintiff's "induced infringement" claims against it.  On the same day, Vatech America Inc. filed an answer ("Vatech America Inc.'s Answer").[1]  For the reasons set forth below, this Court grants in part and denies in part Vatech America Inc.'s Motion to Dismiss.

---

[1]

       Because Vatech America Inc. filed Vatech America Inc.'s Answer contemporaneously with Vatech America Inc.'s Motion to Dismiss, Vatech America Inc.'s Motion to Dismiss technically should have been framed as a motion for judgment on the pleadings. *See Stanley v. St. Croix Basic Serv., Inc.*, 291 F. Supp. 2d 379, 381 n.1 (D. Vi. 2003).  Because the parties have failed to present evidence outside of the pleadings, however, this Court shall treat the instant motion as a motion to dismiss pursuant to Federal Rules of Civil Procedure Rule 12(b)(6). *See ibid.* (citation omitted).

# I

Plaintiff is a Finnish corporation.  The defendants are four related corporations.  Two of the defendants are located in Korea and two are located in the United States and carrying out business for the Korean corporations here.  Defendant Vatech Co., Ltd. ("Vatech Co.") is a Korean corporation, and serves as the parent of Vatech America Inc.  Defendant Vatech America Inc. maintains its principal place of business in New Jersey.  Defendant E-Woo Technology Co., Ltd. ("E-Woo Co.") is a Korean company which serves as a subsidiary of or is controlled in some manner by Vatech Co.  Defendant E-Woo Technology U.S.A., Inc. ("E-Woo U.S.A. Inc.") is a New Jersey corporation, which has the same address as Vatech America Inc.  Plaintiff is the assignee of U.S. Patent No. 7,336,763 B2 and U.S. Patent No. 7,676,022 B2  (collectively, the "Patents").  Plaintiff contends that "[t]he claims of [the Patents] cover an extra oral digital pancramic dental x-ray imaging system."

Plaintiff contends that the Vatech Defendants have "been selling, offering to sell and/or importing into the United States apparati that infringe literally and through the doctrine of equivalents, one or more claims of the Patents-in-suit *and [have] induced infringement of one or more claims of the Patents-in-suit.*" (emphasis added).  Plaintiff alleges that Defendants' dental x-ray imaging system is an infringing apparatus.  Plaintiff additionally maintains that Vatech Co. was notified of its infringement of the Patents on March 23, 2010.  Plaintiff claims that the Vatech Defendants "have persisted in selling, offering to sell, or importing the infringing products into the United States and have induced purchases and use of the accused products to infringe one or more claims of [the Patents]."  In particular, Plaintiff alleges that Vatech America Inc. and/or E-Woo U.S.A. Inc. "sell or offer to sell the accused infringing products to [primarily American] customers

2

who use the equipment."

## II

When evaluating a motion to dismiss for failure to state a claim, the court must accept as true all allegations in the pleading and all reasonable inferences that can be drawn therefrom, and must view such allegations and inferences in the light most favorable to the non-moving party.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384 (3d Cir. 1994).  A cause of action should be dismissed only if the alleged facts, taken as true, fail to state a claim.  *See Iqbal*, 129 S. Ct. at 1950.

While a court will accept well-pled allegations as true for the purposes of the motion to dismiss for failure to state a claim, a court will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  *See Iqbal*, 129 S. Ct. at 1949;  *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).  To the contrary, "[t]he pleader is required to 'set forth sufficient information to outline the elements of [its] claim or to permit inferences to be drawn that these elements exist.'" *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (citation omitted).  A party must set forth "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citation omitted).  A party must present facts that "show" an entitlement to relief.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (citation omitted).

## III

Vatech America Inc. seeks the dismissal of Plaintiff's induced infringement claims against

it.  "Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. §
271(b).   A claim of induced patent infringement arises where "the alleged infringer knowingly
induced infringement and possessed specific intent to encourage another's infringement."
*AstraZeneca LP v. Apotex, Inc.*, 2010 WL 4286284, at *12 (Fed. Cir. Nov. 1, 2010) (quoting *DSU
Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006)); *see also C.R. Bard, Inc. v. Advanced
Cardiovascular Syss., Inc.*, 911 F.2d 670, 675 (Fed. Cir.1990) ("A person induces infringement
under § 271(b) by actively and knowingly aiding and abetting another's direct infringement.")
(citation omitted).

    "Intent can be shown by circumstantial evidence, but the mere knowledge of possible
infringement will not suffice." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir.
2009) (citation omitted).   As such, a plaintiff alleging induced infringement must satisfy the
"rigorous" standard of demonstrating that the defendant had a specific intent to encourage
infringement.  *Best Med. Intern., Inc. v. Accuray, Inc.*, 2010 WL 5053919, at * 6 (W.D. Pa. Dec. 2,
2010) (*citing Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 697-98 (Fed. Cir. 2008)).

    Plaintiff failed to adequately plead that Vatech America Inc. had a specific intent to induce
patent infringement.  Plaintiff contends that it satisfactorily pled this element in two particular
paragraphs of Plaintiff's Complaint: (1) "[Vatech Co.] which is the ultimate parent or controlling
entity of [Vatech America Inc.] . . . was notified of its infringement of [the Patents] on March 23,
2010;" and (2) "Notwithstanding such notification [Defendants] have persisted in selling, offering
to sell, or importing the infringing products into the United States and have induced purchases and
use of the accused products to infringe one or more claims of [the Patents]."

    This logic does not persuade this Court that Plaintiff adequately pled that *Vatech America*

4

*Inc.* possessed a specific intent to induce patent infringement. In fact, Plaintiff specifically pled that it was *Vatech Co.* – not *Vatech America Inc.* – who received notice of the alleged patent infringement. Plaintiff tries to circumvent this critical flaw in Plaintiff's argument by emphasizing that Vatech Co. "is the ultimate parent or controlling entity" of Vatech America Inc. According to Plaintiff, such pleadings signify that "[Vatech America Inc.'s] knowledge and intent may reasonably be inferred," and thus Plaintiff satisfactorily pled all elements of an induced patent infringement claim.

This argument is unpersuasive. "[I]n New Jersey, parent and subsidiary corporations are distinct legal entities and courts are extremely reluctant to pierce the veil between the two absent compelling circumstances." *Ricoh Co., Ltd. v. Honeywell, Inc.*, 817 F. Supp. 473, 481 (D.N.J. 1993) (citations omitted). Although a court may – "[u]nder certain circumstances" – pierce the corporate veil, an "[a]pplication of this principle depends on a finding that the parent so dominated the subsidiary that [the subsidiary] had no separate existence but was merely a conduit for the parent." *State, Dept. of Envtl. Prot. v. Ventron Corp.*, 94 N.J. 473, 500-01 (1983) (citations omitted).

Plaintiff has failed to meet this standard. Plaintiff pled that *Vatech Co.* received notification on March 23, 2010 that the Patents were being infringed upon. Plaintiff never pled, however, that *Vatech America Inc.* received such notification. As such, because Plaintiff has not proven that Vatech America Inc. possessed a specific intent to induce patent infringement, this Court dismisses Plaintiff's claims for *past* instances of induced infringement.[2]

---

[2]

When a defendant's motion to dismiss is granted, the court should "freely" provide the plaintiff with leave to amend its dismissed claims "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). The Third Circuit has stressed that "[l]iberality is the keystone of [amending federal complaints]. . . . [and] [u]nder [this] liberal pleading philosophy . . ., an amendment should be

5

Although this Court dismisses Plaintiff's claims for past instances of induced patent infringement against Vatech America Inc., Plaintiff may proceed with Plaintiff's claim for induced patent infringement *after* Plaintiff served Vatech America Inc. with Plaintiff's Complaint.  It is well-established that a defendant's "failure to [] provide the requisite notice does not prohibit a patentee from bringing an infringement suit to obtain an injunction or damages occurring after the complaint was served." *Schindler Elevator Corp. v. Otis Elevator Co.*, 2010 WL 1032651, at *10 (D.N.J. 2010, Mar. 16, 2010) (*quoting Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1340 (Fed. Cir. 2008)).

Plaintiff adequately pled induced infringement that has continued after Plaintiff served Plaintiff's Complaint.[3]  Plaintiff specifically seeks "[a] permanent injunction prohibiting further [] indirect infringement of [the Patents]."  Moreover, Plaintiff adequately specifies the remainder of the elements of an induced infringement claim.  Specifically, Plaintiff references the patents upon which Vatech America Inc. allegedly induces infringement (the Patents).  In addition, Plaintiff specifies who constitute the direct infringers that Vatech America Inc. induces ("customers who use the equipment").  Moreover, Plaintiff notes how these customers directly infringe upon the Patents (by "us[ing] the equipment").

Direct patent infringement can arise whenever someone "uses . . . any patented invention."

---

allowed whenever there has not been undue delay, bad faith on the part of the plaintiff, or prejudice to the defendant as a result of the delay."  *Prof'l Cleaning and Innovative Bldg. Servs., Inc. v. Kennedy Funding, Inc.*, 245 Fed. Appx. 161, 165 (3d Cir. 2007) (internal quotation marks and citation omitted).  Considering this liberal amendment standard, this Court provides Plaintiff with thirty days leave to amend Plaintiff's past induced infringement claims against Vatech America Inc.

[3]  Plaintiff served Vatech America Inc. with Plaintiff's Complaint on December 1, 2010.

35 U.S.C. § 271(a).  Plaintiff contends that the "customers" who use the patented technology are direct infringers.  Vatech America Inc. maintains that allegations regarding such a large class of direct infringers – "customers" – is not sufficiently specific to support an induced infringement cause of action.  Vatech America Inc. relies in large part upon *Phonometrics, Inc. v. Hospitality Franchise Syss., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000) for the proposition that a complaint must specifically name each individual allegedly directly infringing upon the patents at issue.  The *Phonometrics* decision – which addressed only the viability of a *direct infringement* claim – does not provide such a rule.  Rather, the *Phonometrics, Inc.* court stated that – *in part* – because the applicable complaint "name[d] each individual defendant," the court refused to dismiss the complaint.  *Ibid.*  The Court never held that a plaintiff needs to name each individual direct infringer in order to pursue an induced infringement claim.[4]

Despite Vatech America Inc.'s arguments, a patentee may sue a defendant for induced patent infringement for selling infringing technology to customers who, acting as direct infringers, use this technology. *See Fuji Mach. Mfg. Co., Ltd. v. Hover-Davis, Inc.*, 936 F. Supp. 93, 95-96 (W.D.N.Y. 1996).  In *Fuji*, the plaintiff, Fuji Machine Manufacturing Company ("Fuji"), alleged that the defendant, Hover-Davis, Inc. ("Hover-Davis"), induced patent infringement by "by selling parts and aiding and encouraging purchasers of these parts to use them in the combinations and processes

---

[4]

The other case upon which Vatech America Inc. relies for this proposition – *Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d 538 (E.D. Tex. 2010) – is equally unconvincing.  The *Realtime Data, LLC* court granted a motion to dismiss where "the generalities [set forth] in the [a]mended [c]omplaint [did] not put [d]efendants on notice of direct infringement, and importantly, also fail[ed] to identify which other party committed the underlying act of infringement." *Id.* at 544.  Here, as mentioned throughout this Memorandum, Plaintiff's Complaint has adequately notified Vatech America Inc. that the customers allegedly were/are directly infringing upon the patented technology.

covered by [the patent at issue]." *See id.* at 93.  The Court held that Fuji set forth a viable claim for

*induced* patent infringement, in part, because Fuji set forth a viable claim for *direct* patent

infringement by customers:

> The case law is clear that Fuji may recover from Hover-Davis for inducement of infringement . . . only if it is able to *prove that Fuji's customers, the end users, directly infringed the patent by using the patented device with Hover-Davis parts.*
>
> Because direct infringement ultimately must be proved, it stands to reason . . . that direct infringement also must be pleaded in the complaint in order to state a claim for inducement of infringement. . . .
>
> Turning to the sufficiency of Fuji's complaint, I find that Fuji, in fact, has pleaded direct infringement as a basis for its claims of inducement of infringement and contributory infringement. In the complaint, Fuji alleges:
>
>> 'Upon information and belief, Hover-Davis has infringed claims of [the patent at issue] by selling and marketing parts feeders, in this district and elsewhere in the United States, which *have been used by others* in (1) apparatus within the scope of claims of [the patent at issue] and (2) methods within the scope of claims of [the patent at issue]. . . .'
>
> The complaint specifically alleges direct infringement by non-parties to this action as a basis for Fuji's claims of inducement of infringement and contributory infringement against Hover-Davis. The complaint provides fair notice to Hover-Davis of Fuji's claims and the grounds upon which they rest. Further amplification of this allegation can be obtained in the normal discovery process.
>
> Whether Fuji will be able to prove direct patent infringement by its customers in order to recover on its inducement of infringement and contributory infringement claims against Hover-Davis is an issue for another day – an issue not properly before me on a motion to dismiss.

*Id.* at 95-96 (emphasis added).

Here, Plaintiff adequately specifies how the customers directly infringe upon the Patents.

As such, this Court permits Plaintiff's induced infringement claims to go forward for all induced infringement that occurred after Plaintiff served Plaintiff's Complaint on Vatech America Inc.

# IV

This Court, having reviewed all submissions, and for the reasons set forth in the above Memorandum,

IT IS on this 14TH day of April 2011,

ORDERED that Vatech America Inc.'s Motion to Dismiss (Docket Entry 12) is granted in part and denied in part;

ORDERED that Vatech America Inc.'s Motion to Dismiss Plaintiff's induced infringement claims against Vatech America Inc. arising prior to the date of service of Plaintiff's Complaint is granted with thirty days leave to amend Plaintiff's Complaint in order to address the intent issue for induced infringement claims that occurred prior to the service of Plaintiff's Complaint; and

ORDERED that Vatech America Inc.'s Motion to Dismiss Plaintiff's induced infringement claims against Vatech America, Inc. arising after Plaintiff served Vatech America Inc. with Plaintiff's Complaint is denied.


*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.